United States District Court
Southern District of Texas
**ENTERED**
October 20, 2016
David J. Bradley, Clerk

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF TEXAS
MCALLEN DIVISION

| | |
|---|---|
| SAVANNAH ROBINSON, § | |
| § | |
| Plaintiff, § | |
| VS. § | CIVIL ACTION NO. 7:16-CV-00279 |
| § | |
| CHASE, § | |
| § | |
| Defendant. § | |

## OPINION

The Court now considers Plaintiff's motion for summary judgment,[1] Defendant's response,[2] and Defendant's cross motion for summary judgment.[3] After duly considering the record and authorities, the Court **GRANTS** Defendant's summary judgment motion, and **DENIES** Plaintiff's summary judgment motion.

### I. BACKGROUND

The facts are undisputed. Plaintiff took out a thirty-year note from Defendant for a house in 2002,[4] but stopped making payments either in 2005[5] or 2006.[6] The following events ensued:

- *March 28, 2006*: Defendant gave its **first** notice of intent to accelerate the loan.[7]

- *May 22, 2006*: Defendant gave notice of acceleration.[8]

- *August 9, 2007*: Defendant gave another notice of acceleration.[9]

- *January 22, 2008*: Defendant gave its **second** notice of intent to accelerate.[10]

---

[1] Dkt. No. 7.
[2] Dkt. No. 10.
[3] Dkt. No. 8.
[4] Dkt. No. 9-1 at p. 4. Dkt. No. 7. at p. 1.
[5] Dkt. No. 1-1 at p. 9.
[6] Dkt. No. 7-1 at p. 2.
[7] Dkt. No. 8. at p. 3.
[8] *Id*.
[9] *Id*.

- *January 26, 2009*[11] or *February 9, 2009*[12]: Defendant gave its **third** notice of intent to accelerate.

- *October 16, 2009*: Plaintiff files Chapter 11 Bankruptcy.[13]

- *August 9, 2011*: Defendant gave its **fourth** notice of intent to accelerate.[14]

- *August 15, 2011*: Defendant gave notice of acceleration.[15]

- *February 11, 2013*: Plaintiff's bankruptcy proceeding dismissed.[16]

- *September 23, 2016*: Defendant rescinded its 2011 acceleration.[17]

Plaintiff effectively argues that Defendant has relinquished the right to foreclose on Plaintiff's property because the four-year statute of limitations has expired.[18] Defendant argues that the limitations period has not expired because Plaintiff's bankruptcy extended the limitations period.[19]

## II.   LEGAL STANDARD

Texas law states that a secured lender "must bring suit for . . . the foreclosure of a real property lien not later than four years after the day the cause of action accrues."[20] When, as here, a loan contains an optional acceleration clause, the cause of action accrues once the lender gives (1) notice of *intent* to accelerate, and (2) notice of *actual* acceleration.[21] If a lender causes the

---

[10] Dkt. No. 8. at p. 3.
[11] *Id*.
[12] Dkt. No. 7. at p. 1.
[13] Dkt. No. 8 at p. 3.
[14] *Id*.
[15] *Id*.
[16] Dkt. No. 7-1 at p. 2.
[17] Dkt. No. 9-1 at p. 69.
[18] Dkt. No. 7 at p. 3.
[19] Dkt. No. 8 at pp. 6–8.
[20] Tex. Civ. Prac. & Rem. Code § 16.035(a).
[21] *Holy Cross Church of God in Christ v. Wolf*, 44 S.W.3d 562, 566 (Tex. 2001) ("If a note or deed of trust secured by real property contains an optional acceleration clause, default does not ipso facto start limitations running on the note. Rather, the action accrues only when the holder actually exercises its option to accelerate. Effective acceleration requires two acts: (1) notice of intent to accelerate, and (2) notice of acceleration.").

action to accrue in this way, but later gives the debtor another notice of intent to accelerate, then the original accrual has been "abandoned."[22] This means that the original acceleration-based accrual is destroyed, and the accrual date—by default—becomes the maturity date of the note.[23] Of course, accrual begins again if the lender sends the debtor another notice of intent to accelerate and notice of actual acceleration.[24] Moreover, once accrual has begun, it pauses during the pendency of a bankruptcy proceeding[25] specifically because the lender cannot foreclose on the property in question during that time.[26]

### III. APPLICATION

Here, the four-year statute of limitations does not bar Defendant's foreclosure. Any acceleration-based accrual beginning in 2006 or 2007 was abandoned by Defendant's second

---

[22] *Wheeler v. U.S. Bank Nat'l Ass'n*, CV H-14-0874, 2016 WL 554846, at *5 (S.D. Tex. Feb. 10, 2016) ("A lender may also abandon acceleration by sending new default notices and notices of intent to accelerate.") (citing *Leonard v. Ocwen Loan Servicing, Inc.,* 2014 WL 4161769, at *4-5 (S.D. Tex. Aug. 19, 2014) ("Leonard I"), aff'd, *Leonard II*, 616 F. App'x 677; *Boren v. U.S. Bank National Association*, No. H-13-2160, 2014 WL 5486100, at *l-2 (S.D. Tex. Oct. 29, 2014) ("Boren I") ("courts have found other actions, including providing account statements and mailing notice-of-intent-to-accelerate letters similarly abandon acceleration."), aff'd, 807 F.3d 99 (5th Cir. 2015) ("Boren II"); *Cline v. Deutsche Bank Nat. Trust Co.*, 3:14-CV-1565-D, 2015 WL 4041791, at *5 (N.D. Tex. July 2, 2015) ("a noteholder may also abandon acceleration by . . . mailing new notice-of-intent-to-accelerate letters.").
[23] *See Wolf*, 44 S.W.3d at 567 (citing *Denbina v. City of Hurst*, 516 S.W.2d 460, 463 (Tex. Civ. App.—Tyler 1974, no writ) for the proposition that "an option to accelerate may be withdrawn or revoked after it is exercised by the noteholder, effectively restoring the note's original maturity date.").
[24] *Wolf*, 44 S.W.3d at 566.
[25] *See* 11 U.S.C.A. § 108 (West); *HSBC Bank USA, N.A. v. Crum*, 3:14-CV-3522-B, 2016 WL 728569, at *4 (N.D. Tex. Feb. 24, 2016) (tolling statute of limitations during pendency of bankruptcy proceeding after acceleration begun); *Hughes v. Mahaney & Higgins*, 821 S.W.2d 154, 157 (Tex. 1991) ("Where a person is prevented from exercising his legal remedy by the pendency of legal proceedings, the time during which he is thus prevented should not be counted against him in determining whether limitations have barred his right."); *Cain v. Bank United of Texas*, FSB, 14-95-00601-CV, 1997 WL 428054, at *5 (Tex. App.—Houston [14th Dist.] July 31, 1997, pet. denied) (tolling statute of limitations during pendency of bankruptcy proceeding);
[26] *Crum*, 2016 WL 728569, at *4 ("[F]or the 127 days the bankruptcy proceedings were active, HSBC could not enforce its lien."); *Brashear v. Victoria Gardens of McKinney*, L.L.C., 302 S.W.3d 542, 547 (Tex. App.—Dallas 2009) (citing 11 U.S.C.A. § 108 (West)) ("Section 108(c) of the bankruptcy code . . . affords an extension of state-court deadlines under some circumstances. That section provides, in pertinent part: '[I]f applicable non-bankruptcy law...fixes a period for commencing or continuing a civil action in a court other than a bankruptcy court on a claim against the debtor...and such period has not expired before the date of the filing of the [bankruptcy] petition, then such period does not expire until the later of—(1) the end of such period, including any suspension of such period occurring on or after the commencement of the case; or (2) 30 days after notice of the termination or expiration of the stay under section 362, 922, 1201, or 1301 of this title, as the case may be, with respect to such claim.'").

notice of intent to accelerate in 2008.[27] Furthermore, any acceleration-based accrual beginning in 2008 or 2009 was abandoned by Defendant's notice of intent to accelerate in 2011.[28] Finally, Defendant's 2011 notice of intent to accelerate and notice of actual acceleration *did not trigger accrual until February 11, 2013*, because Plaintiff's Chapter 11 bankruptcy proceeding[29] began in 2009,[30] and ended on February 11, 2013.[31] Four years from February 11, 2013 is February 11, 2017. Thus, the statute of limitations has not yet expired, and Plaintiff's declaratory request is without merit.

### IV. HOLDING

Plaintiff's summary judgment motion is **DENIED**. Defendant's summary judgment motion is **GRANTED**. Plaintiff shall take nothing by her suit. A separate final judgment shall enter.

IT IS SO ORDERED.

DONE at McAllen, Texas, this 20th day of October, 2016.

_____
Micaela Alvarez
United States District Judge

---

[27] Dkt. No. 9-1 at pp. 21–22.
[28] *Id*. at pp. 12–17.
[29] 11 U.S.C.A. § 362 (discussing automatic stay in the context of Chapter 11 bankruptcies).
[30] *Id*. at pp. 59–62.
[31] *Id*. at pp. 64–65.